IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tracey Fells, )<br>                                        Petitioner,    )<br>                                                  )<br>         vs.                                        )<br>                                                  )<br>                                                  )<br>Federal Bureau of Prisons, and    )<br>John J. LaManna, Warden of FCI-Edgefield, )<br>                                                  )<br>                        Respondents.  )<br>                                                  ) | ) Civil Action No. 3:06-1172-SB-JRM<br><br>**REPORT AND RECOMMENDATION** |

      Petitioner, Tracey Fells ("Fells"), filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was a prisoner at Edgefield Federal Prison Camp.[1] He asserted that the Bureau of Prisons ("BOP") wrongfully denied him the right to be confined to a Community Confinement Center ("CCC")[2] during the last six months of his sentence. Respondents filed a motion to dismiss or, in the alternative, for summary judgment on June 13, 2006. Because Fells was pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on June 15, 2006. Fells filed his response on June 20, 2006. Respondents filed a reply on June 27, 2006. On July 25, 2006, Respondents filed a motion to dismiss the petition as moot as Fells had been released from federal custody. A second Roseboro order was issued on July 28, 2006. Fells made no further response.

---

     [1]Pretrial matters were automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c), D.S.C..

     [2]Referred to as a Residential Reentry Center ("RCC") by Respondents. RCC's and CCC's are both considered "Halfway Houses."

Fells was sentenced to 240 months imprisonment for drug offenses and given a projected release date of September 30, 2006. It is the responsibility of the BOP to designate the place of an inmate's imprisonment. 18 U.S.C. § 3621(b). BOP is directed to allow prisoners to reside in CCC's at the last of their sentence to allow for a period of adjustment. 18 U.S.C. § 3624(c). Since at least 2002, BOP has changed its regulations several times in connection with placement of prisoners in CCC's. These changes have spawned considerable litigation by inmates seeking placement in CCC's at the earliest possible time, i.e., a full six months prior to release. A rule promulgated in December 2002 was attacked and invalidated because BOP did not require consideration of the factors listed in 28 U.S.C. § 3621(b) in exercising discretionary placement of inmates at CCC's. The last change, and the one relevant to Fells' case occurred in February of 2005. The new rule, 28 C.F.R. § 570, provided BOP with discretion in CCC assignments.

> [I]n promulgating the February 2005 Rule, BOP acknowledged that it had discretion to place offenders sentenced to a term of imprisonment in CCCs before the last ten percent of their sentence, but decided to 'categorically exercise its discretion to limit inmates community confinement to the last ten percent of their sentence, not to exceed six months.' 29 Fed. Reg. at 51213. Thus, while the December 2002 policy is premised on a lack of discretion, the February Rule is based on discretion that is categorically exercised.'

Pimentel v. Gonzales, 267 F. Supp. 2d 365, 373 (E.D.N.Y. 2005).

As discussed in Respondents' memorandum, the district courts have differed in their analysis and viability of the February 2005 rule. Two circuit courts have found the rule invalid because the exercise of "categorical discretion" by the BOP limits the statutory directive to individually apply the factors set forth in 28 U.S.C. § 3621(b). Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005) and Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006). The undersigned concludes the weight of authority holds the BOP 2005 regulation to be invalid.

However, it appears that the relief sought by Fells is no longer available as he has been placed in a CCC and, eventually released.  As he is no longer in custody, his claim is now moot. <u>Leonard v. Hammond</u>, 804 F.2d 838 (4th Cir. 1986).

## **Conclusion**

Based on a review of the record, the undersigned recommends that the present petition be dismissed as moot.

                                      Respectfully submitted,

                                      s/Joseph R. McCrorey
                                      United States Magistrate Judge

February 13, 2007
Columbia, South Carolina

        **The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).